USDC SCAN INDEX SHEET

















CAG   5/2/00   10:25

3:00-CV-00627   PARK-LINCOLN V. COASTAL SALES ASSOC

*8*

*O.*

1

2

3

4

5

6

7

8

9

10

FILED

00 MAY -2  AM 9: 47

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11 | PARK-LINCOLN & CROYLE MARKETING, INC., for itself and successor in interest to Marketing Madness, Inc., et al, |
| 12 | |
| 13 | Plaintiff, |
| 14 | vs. |
| 15 | COSTAL SALES ASSOCIATES, INC., d/b/a Coordinated Strategic Alliances, Inc., et al., |
| 16 | |
| 17 | Defendant. |
| 18 | -and- |
| 19 | JOSEPH CROYLE and LAR PARK LINCOLN, |
| 20 | Additional Defendants on the Counterclaim. |
| 21 | |

CASE NO. 00-CV-627 H (CGA)

**Order Denying Objections to and Appeal from Order Denying *Ex Parte* Application to Compel Discovery**

22    On March 28, 2000, Costal Sales Associates ("Coastal Sales") filed an *ex parte* application for

23  an order to compel discovery from non-party witnesses Deanna Roegner ("Roegner") and William

24  Kennington ("Kennington").  Roegner and Kennington are Nevada residents.  The discovery relates

25  to an underlying action pending in the Southern District of New York.  On April 18, 2000, Magistrate

26  Judge Cynthia G. Aaron issued an order denying the application.  On April 25, 2000, Coastal Sales

27  filed an objection to and appeal from the order denying the application to compel discovery.

28  / / / /

- 1 -

1
## BACKGROUND

2      Coastal Sales, International Strategic Alliances, Inc., and Retail Strategic Alliances, Inc., are

3 defendants ("defendants" collectively) to an underlying action pending in the Southern District of New

4 York. These defendants caused a subpoena *ad testificandum* to issue which ordered Roegner and

5 Kennington, wife and husband respectively, to appear and testify at a deposition for the underlying

6 New York action. Depositions were scheduled on February 22, 2000, and the defendants deposed

7 Roegner but not Kennington.

8      Kennington is an employee of a Nevada corporation owned by Roegner called Family Visions,

9 Inc. ("Family Visions"). Family Visions holds patent and trademark rights on travel kits known as

10 the Freedom Bag and various derivative products known as the Freedom Line. Family Visions granted

11 a license to the defendants to market its products and then terminated those licenses in June of 1999.

12 The defendants then filed a claim against Family Visions in a separate prior action in the Southern

13 District of New York. The parties settled in that action and as a result, Family Visions issued new

14 licenses to the defendants. The plaintiffs then filed the current action in the Southern District of New

15 York claiming that they are entitled to money for the sales of Freedom Line products by the

16 defendants.

17      During Kennington's deposition, Robert Vort, the attorney for Coastal Sales, asked Kennington

18 questions about conversations that he had with his wife concerning Family Vision's relationship with

19 the parties in the underlying action. Kennington's objection was raised in response to the question,

20 "Did Deanna [Roegner] ever tell you that she had signed any pieces of paper prepared by Thane?"

21 (Judge Aaron's Order at 8). Kennington's counsel advised him not to answer the question and to

22 invoke Nevada's spousal privileges. Nev. Rev. Stat. § 49.295(1) (1999).

23      In response, the defendants filed an application for an order to compel discovery with

24 Magistrate Judge Cynthia G. Aaron. This application was denied and now the Coastal Sales objects

25 to and appeals Judge Aaron's order pursuant to 28 U.S.C. section 636(b)(1). Coastal Sales objects to

26 Judge Aaron's order only to the extent that it "rules that Kennington and Roegner may assert the

27 marital communication privilege as to ordinary business transactions." (Objections to and Appeal

28 from Order at 5).

00CV0627

1

**DISCUSSION**

2
I.     **Choice of Law Analysis**

3
Because this action comes before this Court under true diversity jurisdiction, state law governs

4
claims of privilege. See Liew v. Breen, 640 F.2d 1046, 1049 (9th Cir. 1981). The Court must then

5
determine which state's law of privilege to apply. Because the present application was filed in the

6
Southern District of California, the Court will follow California choice of law analysis. See Klaxon

7
Co. V. Stentor Electric Manufacturing Co., 313 U.S. 487 (1941). California's choice of law analysis

8
is a two-prong test which focuses on the "governmental interest" of each state involved. See

9
Waggoner v. Snow, 991 F.2d 1501, 1506 (9th Cir. 1993) (citing Demham v. Farmers Ins. Co., 213

10
Cal. App. 3d 1061, 1065 (1989)). First, the Court must determine whether a true conflict exists

11
between the laws of the different jurisdictions. See Waggoner, 991 F.2d at 1506. A conflict exists if

12
the laws of the jurisdictions differ and each state has a legitimate interest in having their law apply.

13
See id. Once the Court determines that a true conflict exists, the Court must apply the law of the state

14
whose interest would be more impaired if its law is not applied. See id. at 1507.

15
In this case, the Court must consider the law of New York, the forum state of the underlying

16
action; Nevada, the state which issued the subpoena for Kennington and Roegner and the state in

17
which they are citizens; and California, the state in which the application to compel discovery was

18
filed and where the depositions of Kennington and Roegner have taken place or will take place.

19
Because each state recognizes the spousal privilege, there is no true conflict between the different

20
states. See N.Y.C.P.L.R. § 4502(b) (McKinney 1999); Cal. Evid. Code § 980 (West 1999); Nev. Rev.

21
Stat. § 49.295 (1999). The only difference is that Nevada's spousal privilege protects *any*

22
communications made during marriage whereas the spousal privilege in the other two states protects

23
*confidential* communications only.

24
As noted by Magistrate Judge Aaron, Kennington and Roegner, the individuals invoking the

25
privilege advocate the use of the less protective California rule and the depositions are scheduled to

26
take place in California. Consequently, the Court will apply California law in this matter.[1]

27

28
_____
[1] While Coastal Sales objected to Magistrate Judge Aaron's interpretation of California law, Coastal sales did not object to the decision to apply California law.

## II.   Spousal Privilege Analysis

The Court will review the objections issued by Coastal Sales to determine if any errors were made in Magistrate Judge Aaron's order. Under California law, "a spouse . . . has a privilege during the marital relationship and afterwards to refuse to disclose, and to prevent another from disclosing, a communication if he claims the privilege and the communication was made in confidence . . . while they were husband and wife." Cal. Evid. Code § 980.

There is no dispute concerning whether the communication at issue was made while Roegner and Kennington were married. Therefore, in order to challenge the privilege, Coastal Sales must make a showing that the communication was not intended to be confidential. Coastal Sales bears the burden of proof of establishing that the communication was not intended to be confidential. Cal. Evid. Code § 917 ("the [spousal] communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish that the communication was not confidential").

Roegner and Kennington both maintain that the communications at issue were made "in private and were intended to be kept confidential." (Opposition to Original Application for Order to Compel at 4). Roegner and Kennington further contend that "[a]t no time were these communications ever meant for another person and at no time were these communications anything but confidential communications between themselves." (Id. at 2).

Consequently, Coastal Sales must show that the communications were not intended to be confidential. However, Coastal Sales has presented no evidence indicating that the communication at issue in this matter was not made in confidential circumstances. Instead, Coastal Sales has presented law from jurisdictions other than California advocating the rule that certain business transactions should be excluded from the spousal privilege.

Additionally, Judge Aaron's order does not prevent Coastal Sales from gathering discovery about the underlying transactions between Roegner and Kennington. The order precluded the asking of the specific question of whether Roegner told Kennington that she signed any pieces of paper prepared by Thane. The order does not preclude questions concerning the underlying facts. For example, Coastal Sales is free to ask Kennington whether Roegner did, in fact, sign documents

- 4 -

1    prepared by Thane as long as they do not frame the question in terms of what Roegner *told*

2    Kennington.

3          Moreover, Coastal Sales can depose Roegner, which they have not yet done, and they are free

4    to ask Roegner herself whether or not she signed documents prepared by Thane as long as no other

5    evidentiary or privilege rules bar the questions.  By deposing Roegner, Coastal Sales would be able

6    to obtain the facts concerning the transaction between Roegner and Thane directly from Roegner

7    instead of indirectly from Kennington.  Coastal Sales would also be able to obtain facts, if any exist,

8    from Roegner which might indicate that the communication at issue between Roegner and Kennington

9    was not intended to be confidential.  For example, if Coastal Sales discovered that the communication

10   was made in the presence of others, that might rebut the presumption that the communication was

11   confidential.

12         Because Coastal Sales has not satisfied their burden of showing that the communication

13   between Roegner and Kennington was not confidential, the Court DENIES the objections to and

14   appeal from the order issued by Judge Cynthia G. Aaron on April 18, 2000, without prejudice.  Coastal

15   Sales may renew their objection and appeal if they obtain sufficient evidence to show that the

16   communication at issue was not intended to be confidential.

17   **III.    Failure to Consider the Law of Other Jurisdictions**

18         Coastal Sales also objects to Magistrate Judge Aaron's purported "fail[ure] to discuss [and]

19   consider relevant case authority on point from other states . . . which have similarly-worded marital

20   communications privilege statutes." (Objections to and Appeal from Order at 3).  Coastal Sales further

21   contends that these states have held that the spousal privilege does not apply to communications

22   involving ordinary business transactions.

23         Magistrate Judge Aaron explicitly considered the spousal privilege statutes of New York,

24   California and Nevada in her choice of law analysis.  She did not explicitly analyze the case law from

25   other jurisdictions concerning whether the privilege applies to ordinary business transactions.

26         However, the lack of any discussion concerning the case law of other jurisdictions does not

27   necessarily indicate that Magistrate Judge Aaron did not consider the case law from other jurisdictions.

28   ////

00CV0627

1   Furthermore, a court applying California law is not bound by the case law of other jurisdictions when

2   interpreting California statutes.

3                               **CONCLUSION**

4          The objection to and appeal from the order issued by Judge Cynthia G. Aaron on April 18,

5   2000, is DENIED without prejudice.

6          IT IS SO ORDERED.

7   DATED:  5-1-00

8                                              MARILYN L. HUFF, CHIEF JUDGE
9                                              UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17  Copies to:

18  Bruce A. Friedman
    Alschuler, Grossman, Stein and Kahan
19  2049 Century Park East
    Suite 3900
20  Los Angeles, CA 90067-3213

21  Grant G. Teeple
    Lowell Robert Fuselier
22  Keith Phillips
    Gage, Frasier and Teeple
23  9255 Towne Center Drive
    Suite 500
24  San Diego, CA 92121

25  Jonathan R. Nelson
    Roe and Nelson
26  405 Park Avenue
    12th Floor
27  New York, NY 10022

28  Magistrate Judge Cynthia G. Aaron**

00CV0627